UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUHARREM BALKANLI, | USDC SDNY |
| Plaintiff, | DOCUMENT |
| | ELECTRONICALLY FILED |
| -against- | DOC #:_____ |
| | DATE FILED: 7/9/2021 |

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────
MUHARREM BALKANLI,

                    Plaintiff,

          -against-

STEPHEN KNATZ; BEKIM DUSHAJ;
CARMEN DIMARTINO; LIN_Z AUTO           21-CV-5866 (GHW)
SERVICES INC.; LOUI MONICO; ABC
TOWING; SOUTH HACKENSACK POLICE        TRANSFER ORDER
DEPARTMENT; EDGEWATER POLICE
DEPARTMENT; MUNICIPALITY OF SOUTH
HACKENSACK, OF BERGEN COUNTY;
MUNICIPALITY OF EDGEWATER, OF
BERGEN COUNTY; AND; THE STATE OF
NEW JERSEY,

                    Defendants.
─────────────────────────────────────
```

GREGORY H. WOODS, United States District Judge:

Plaintiff, who resides in Woodside (Queens County), New York, filed this *pro se* action as a purported miscellaneous case.[1]  The Court discerned that Plaintiff asserts claims for trespass, forgery, and breach of contract, and by order dated July 7, 2021, held that Plaintiff's complaint does not fit any of the listed categories of miscellaneous matters.  ECF No. 1.  The Court therefore directed the Clerk of Court to open Plaintiff's action as a new civil action.[2]  *Id.*  The Clerk of Court opened the action as a new civil action and assigned docket number 21-CV-5866. For the following reasons, this action is transferred to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

---

[1] Plaintiff paid the $49.00 filing fee required to bring a miscellaneous action in this Court.

[2] To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP") submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ."  28 U.S.C. § 1391(c)(2).  Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[3]

Plaintiff's complaint is not the model of clarity. It is therefore unclear where the events giving rise to his claims occurred, but Plaintiff lists addresses for Defendants in New Jersey. Because Plaintiff does not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006).  Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation

---

[3] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events most likely occurred in the state of New Jersey, where all the Defendants are located. The State of New Jersey falls within the District of New Jersey. *See* 28 U.S.C. § 110. Venue is therefore proper in the District of New Jersey. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a).

3

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    July 9, 2021
          New York, New York

_____
GREGORY H. WOODS
United States District Judge